**NOT RECOMMENDED FOR PUBLICATION**
File Name: 09a0746n.06

No. 09-3385

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Nov 20, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| VAUGHN McCLINE, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DAVID ROOSE, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:     MERRITT, GIBBONS, and McKEAGUE, Circuit Judges

    **MERRITT, Circuit Judge.**   The parties in this case have waived oral argument and submitted the case on the briefs.  It is an interlocutory appeal by the defendant Roose, a police officer, who disagrees with the district court's ruling denying his defense of qualified immunity.  The appeal is dismissed for the reason that this court lacks appellate jurisdiction over the interlocutory appeal under *Johnson v. Jones*, 515 U.S. 304, 319-20 (1995), in which the Court held that "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial."  The Court stated that "an interlocutory appeal concerning this kind of issue in a sense makes unwise use of appellate court's time, by forcing them to decide in the context of a less developed record, an issue very similar to one they may well decide anyway later,

on a record that will permit a better decision." *Id.* at 317.  Here in a comprehensive, well-reasoned opinion, Judge Wells in section III B recites the disputed facts concerning the alleged use of excessive force.  2009 WL 585844 (March 3, 2009).  Those same disputed facts remain disputed on appeal.  The defendant Roose does not agree that the factual allegations of the plaintiff regarding the use of excessive force should govern the question of qualified immunity on appeal or the question of whether his conduct violates clearly established constitutional rights.  He continues to insist on the facts that the District Court concluded were in dispute.

Thus, Roose's case does not fall within the category of cases open to interlocutory appeal based on qualified immunity.

Accordingly, the appeal is dismissed for lack of appellate jurisdiction, which returns the case to the District Court for further proceedings.